BURTON D. CASLER, Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent.  (Claim No. 48740.)

Fourth Department, February 12, 1970.

*Louis J. Lefkowitz, Attorney-General* (*Joseph J. Ricotta* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Philip D. O'Donnell* for respondent-appellant.

WITMER, J. Upon being stopped by a police officer on a speeding charge at about 1:00 o'clock P.M. on May 25, 1967 in the Town of New Hartford, New York, claimant showed his automobile registration and driver's license. The officer had learned by radio that morning that a robbery of a loan association in the Syracuse area had occurred, but he had no information concerning the robbers. On stopping claimant the officer observed that he appeared to be nervous. The officer saw a box on the rear seat and one on the front seat of claimant's automobile and asked their contents. Claimant told him that they contained old coins, and he showed them to the officer. The latter asked to look into the automobile trunk, and did so, finding nothing but a tool box. He then looked into the glove compartment and saw a black box. Claimant testified that the officer opened the glove compartment, but the officer said that claimant left it open on getting out his registration certificate. The officer asked claimant what the black box contained, and he replied that it was a revolver which he bought in Kentucky. The officer opened the box and took out the gun and the bill of sale therewith, and he asked claimant if he had a permit for it. Claimant did not. The officer told him he was violating section 1897 of the Penal Law, kept the gun and searched the automobile. He found no ammunition for the gun, and nothing else of consequence. The officer had claimant follow him to the police station where he was placed in a room alone for one-half hour, and then the officer appeared and advised claimant that he was under arrest for illegal possession of a deadly weapon. He was fingerprinted and photographed. The officer then took claimant to the home of a Justice of the Peace and charged him first with the offense of speeding, in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. Claimant pled guilty, and a $15 fine was imposed but suspended. Claimant was then arraigned before the Justice of the Peace on the charge of illegal possession of a dangerous weapon. Bail was

set but since claimant could not raise it, he was promptly placed in the Oneida County jail to await action by the Grand Jury. Upon his petition for a writ of habeas corpus he was finally released from jail on July 18, 1967, upon an order by Mr. Justice CARDAMONE who found that claimant's arrest and detention for illegal possession of a gun were unlawful. No appeal was taken therefrom.

Although determinations in a criminal proceeding are not *res judicata* in a civil action (*Brenon* v. *State of New York,* 31 A D 2d 776), the proceeding before Justice CARDAMONE was civil (CPLR 7001–7012; *People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299) and hence his determination that the arrest and detention were unlawful was conclusive on the Court of Claims (*Williams* v. *State of New York,* 9 A D 2d 415, affd. 8 N Y 2d 886; *Nastasi* v. *State of New York,* 275 App. Div. 524, affd. 300 N. Y. 473).

The officer stopped claimant only for speeding. At that point he had no ground whatever for suspecting claimant of any crime. Although claimant acted " nervous " on being stopped, he co-operated with the officer and gave no indication of intent to escape or to endanger the officer. The closed boxes on the car seats gave the officer no cause to search them, but in any event claimant submitted to their examination and to the search of the trunk, and the results thereof confirmed that there was no cause to believe claimant was guilty of a crime. Nonetheless, the officer looked into the glove compartment, and seeing a box, asked what was in it. On this traffic arrest, he had no cause to make such inquiry, and the result thereof was not a proper basis for arresting claimant (*People* v. *Marsh,* 20 N Y 2d 98; *People* v. *Loria,* 10 N Y 2d 368, 373; *People* v. *Granese,* 32 A D 2d 568; and see *People* v. *Marshall,* 13 N Y 2d 28, 34). In *People* v. *Marsh* (*supra,* p. 101) the court said: " The search for weapons is a special exception to the proscription against warrantless searches, and it should not be extended beyond its purpose of securing the safety of the officer and preventing an escape. A motorist who exceeds the speed limit does not thereby indicate any propensity for violence or iniquity, and the officer who stops the speeder has not even the slightest cause for thinking that he is in danger of being assaulted. * * * the Legislature never intended to authorize a search of a traffic offender unless, when the vehicle is stopped, there are reasonable grounds for suspecting that the officer is in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction." The consent by claimant for the officer to examine the

box in the glove compartment may not be deemed a voluntary permission (*People* v. *Laverne,* 14 N Y 2d 304, 307; *People* v. *Loria, supra,* p. 373).

Although the officer could merely have given claimant a speeding ticket, it was also proper for him to take claimant before the Justice of the Peace on the speeding charge (*Squadrito* v. *Griebsch,* 1 N Y 2d 471); but here it is clear that claimant was taken into custody on the gun charge, taken to the police station and held (presumably while the police made further inquiries), placed under arrest, fingerprinted and photographed, and then taken to the Justice of the Peace perfunctorily on the speeding charge, but held on the charge of illegal possession of a dangerous weapon. Thus, claimant was falsely arrested and imprisoned to the time of his arraignment before the Justice of the Peace (*Warner* v. *State of New York,* 297 N. Y. 395; *Williams* v. *State of New York,* 9 A D 2d 415, affd. 8 N Y 2d 886, *supra*).

The continued detention of claimant following his arraignment, however, rested upon the order of the Justice of the Peace, and even though the Justice made an erroneous determination, if he had jurisdiction of the charge and of claimant, the State may not be held liable for such continued false imprisonment (*Warner* v. *State of New York, supra*; *Caminito* v. *City of New York,* 25 A D 2d 848, affd. 19 N Y 2d 931; *Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530; *Ford* v. *State of New York,* 21 A D 2d 437; *Jameison* v. *State of New York,* 7 A D 2d 944; *Mudge* v. *State of New York,* 271 App. Div. 1039). The facts presented to the Justice of the Peace against claimant showed that the court had jurisdiction of the person and the charge. It does not appear whether the issue of the legality of the evidence obtained by the police officer was raised before the Justice of the Peace, but in any event the State cannot be held liable for an erroneous judicial decision, where the court had jurisdiction (*Warner* v. *State of New York, supra*; *Vittorio* v. *St. Regis Paper Co.,* 239 N. Y. 148, 152; *Fischer* v. *Langbein,* 103 N. Y. 84; *Fishbein* v. *State of New York,* 282 App. Div. 600; cf. *Hewitt* v. *Newburger,* 141 N. Y. 538; *Roher* v. *State of New York,* 279 App. Div. 1116). Thus, it was improper to award damages to claimant for such continued detention.

The claim is made for malicious prosecution as well as for false arrest and imprisonment, and although the decision and judgment of the trial court do not make special allowance for malicious prosecution, it appears that the award was based

thereon and on false arrest and imprisonment. " A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure " (*Burt* v. *Smith,* 181 N. Y. 1, 5). Although the officer lacked probable cause to arrest claimant and the proceeding terminated in claimant's favor, through the granting of a habeas corpus order, there can be no recovery for malicious prosecution without evidence of actual malice (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276, 278; *Stearns* v. *New York City Tr. Auth.,* 24 Misc 2d 216, affd. 12 A D 2d 451). Whether malice exists is a question of fact to be proved by the one asserting it (*Munoz* v. *City of New York,* 18 N Y 2d 6; 2 NY PJI 799, 808–809), but an inference of malice may be drawn from a lack of probable cause (*Heyne* v. *Blair,* 62 N. Y. 19, 22). No showing of malice on the part of the officer has been made in this case, and a finding of malicious prosecution herein would be against the weight of the evidence. Accordingly, the claim of malicious prosecution should be dismissed.

The only part of the claim which has validity, therefore, is that for false arrest and imprisonment for about one hour during which claimant was taken to the police station, arrested for possession of a dangerous weapon, fingerprinted and photographed and then taken to the Justice of the Peace. The Trial Judge properly awarded to claimant the sum of $250 for his counsel fees in connection with the habeas corpus proceeding. The State argues that the rules forbidding illegal search and seizure were designed as a shield to protect the liberty of the citizen and should not be used as a sword to gain affirmative relief against the State; that suppression of improperly obtained evidence should be the limit of the penalty for illegal search and seizure, and that one found to be violating the law, as claimant was, should not be given a bonus in the form of an award against the State where the search and seizure rules are found to have been violated. But such violation resulted in a loss of claimant's liberty, and whatever validity the State's argument may have in some circumstances, we do not believe that it should be accepted to deprive claimant in the circumstances of this case of reasonable compensation for his arrest, detention and attendant indignities of fingerprinting and photographing.

We conclude, therefore, that the judgment should be modified on the law and the facts by dismissing the claims except for false arrest and imprisonment to the time of claimant's arraignment for the illegal possession of a dangerous weapon, and that for such false arrest and imprisonment, including counsel fees incurred in securing his release, claimant has sustained damage

in the sum of $1,500, and is entitled to judgment therefor with costs (see Court of Claims Act, § 24; *Baskevich* v. *State of New York,* 22 A D 2d 751).

GOLDMAN, P. J., GABRIELLI, MOULE and HENRY, JJ., concur.

Judgment unanimously modified on the law and facts by reducing the award to $1,500 in accordance with the opinion herein, and as modified affirmed, with costs to claimant.