■ CHARLES PELLATON, Appellant, v. EDWARD FRANZESE, SR., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 16, 1973, in favor of defendants, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. On January 14, 1967 plaintiff, as a passenger, and defendant Edward Franzese, Jr., as the operator, of a motor vehicle owned by the latter's father and codefendant were returning to college in upstate New York. According to the driver, they stopped at Roscoe, purchased some vodka and tomato juice and had two drinks apiece. According to plaintiff, they had no drinks and there was no purchase of vodka at Roscoe. The driver testified he was not drunk or in any way under the influence of alcohol and that he drove without incident for a little over an hour after imbibing. Plaintiff napped or dozed in the car after the stopover. Near a sharp turn on a downgrade on a blacktop two-lane highway, the driver lost control of the car and it ran into a pole. Plaintiff was injured. There was some evidence that there were patches of snow and ice on the roadway and that the driver had failed properly to negotiate a curve. Also, the driver was charged with, and pleaded guilty to, violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law, which then read: " (a) No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." According to the Deputy Sheriff who was called to the accident scene, there was no trace of vodka or tomato juice in the car and the driver gave no sign that he was intoxicated or that his ability to operate a motor vehicle was impaired. Nevertheless, in its charge the trial court submitted the issue of contributory negligence to the jury and adverted to the ingestion of alcohol by the two young men. In our opinion, this was error. For, as noted in *Hull* v. *Littauer* (162 N. Y. 569, 572), " Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness." (See, also, *Meyer* v. *Brown-Harter Cadillac,* 32 A D 2d 1045; *Gillman* v. *Liberty Airport Auth.,* 32 A D 2d 296, 300; 65A C. J. S., Negligence, § 293, pp. 1032, 1033.) At most, with respect to contributory negligence, the court should have charged the doctrine of the " sleeping passenger" as enunciated in *Nelson* v. *Nygren* (259 N. Y. 71). Since we cannot tell from the jury's general verdict whether it was based on a finding that the driver was not negligent, or on a finding that plaintiff was contributorily negligent, a new trial is required because of the error in submitting the " alcohol" question to the jury. It is somewhat sig-

nificant that within 17 minutes of having the contributory negligence portion of the charge reread to it, the jury returned with a verdict for defendants. Cohalan, Benjamin and Munder, JJ., concur; Gulotta, P. J., dissents and votes to affirm, with the following memorandum, in which Latham, J., concurs: Since there was a sharp conflict in the testimony with respect to the purchase and imbibing of vodka — the defendant driver testifying that it was actually plaintiff who purchased the bottle of vodka while he, the driver, bought a quart of tomato juice, and plaintiff flatly denying there was any vodka purchased, ingested or in the car at any time—the question of alcohol could scarcely have been ignored by the Trial Justice. In other words, the proof was properly in the case and necessarily had to be dealt with in some way. It seems to me the Justice handled the question properly and put it in its true perspective when he instructed the jury as follows: "Moreover, plaintiff was entitled to assume that the driver would exercise reasonable care and would comply with the Vehicle and Traffic Law, unless he had knowledge of facts indicating that the driver would not do so. It is, however, the duty of a passenger to exercise reasonable care for his own safety. With respect to a passenger, reasonable care means that degree of care that a reasonably prudent passenger would have exercised under the same circumstances. In determining whether plaintiff exercised reasonable care, you will consider all of the facts and circumstances as you find them to have been. In this case, there has been testimony about some alcoholic beverage. It has been sharply contested on both sides whether there was or was not some imbibing of alcoholic beverage prior to this accident, while they were going up. This is something you may consider along with other circumstances, and depending upon which side you believe, pertaining to same. You, also, would consider, in determining whether plaintiff exercised reasonable care, the condition of the highway, the presence of traffic thereon, the condition of the weather and of visibility, the plaintiff's knowledge and experience in the use of the highway, his knowledge of the competency, ability, skill and condition of the driver, and the driver's apparent mindfulness of potential dangers." I do not think it can be fairly said from this that intoxication of the driver was submitted to the jury as an issue. What it did was present an issue on the credibility of plaintiff; and, his credibility having been impaired in the jury's opinion, it may very well have contributed to the jury's rejection of his cause of action. I agree that we cannot tell whether the jury rejected plaintiff's claim because it found the driver free from negligence or plaintiff guilty of contributory negligence, but unless we take the latter issue away from the jury the same will be true on a new trial and the majority opinion has not suggested that that be done. Certainly *Nelson* v. *Nygren* (259 N. Y. 71) does not hold so. In that case involving a sleeping passenger, the issue of contributory negligence was submitted to the jury, which found in favor of the passenger. The defendant argued on appeal that the plaintiff had been guilty of contributory negligence as a matter of law and that the issue should not have been given to the jury. In rejecting that contention the court said (p. 76) : "Who is to answer that question, the court or the jury? We believe it is for the jury to determine. The question of contributory negligence ordinarily is a question of fact. It is only when there is not dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law. To decide as a matter of law that if a guest, under circumstances like those in this case, should go to sleep in an automobile, he would be guilty of contributory negligence, would be to disregard realities and situations growing out of modern conditions." There is nothing in the charge herein which in words or substance instructed the jury that it might infer that the driver was so intoxicated that his ability to drive

his automobile was impaired and that therefore plaintiff was guilty of contributory negligence because, knowing such fact, he continued to ride with the driver. However, drinking can affect one's driving far short of his being intoxicated. Its general effect is to make a person feel less inhibited, even though his driving ability may be unimpaired. For example, it may well have been a factor in this driver's driving at 55 miles per hour at the time of the accident, as a result of which he pleaded guilty to a violation of section 1180 of the Vehicle and Traffic Law (speeding). No vodka or tomato juice was found in the car; nor was it accounted for, except for three drinks, one that was spilled and two that the driver had, of unstated size; and the jury may have wondered what happened to the rest of the bottle. The interrelationship of these factors and whether plaintiff's knowledge of them constituted contributory negligence, in my opinion, was properly left with the jury. It should be noted that we are not dealing with the type of charge dealt with in *Eisenberg* v. *Green* (33 A D 2d 756) where the jury was told that "'a passenger who was aware that such drinking of the driver deprives him of reasonable control of the automobile and who fails to protect himself from harm, is guilty of contributory negligence.'" That charge was held erroneous because there was no factual background to support it. That would be true in this case too, but the answer to that is that no such charge was given herein. I conclude that the trial court did not err in charging the jury that, in determining whether plaintiff was contributorily negligent or not, they could consider all the facts and circumstances, including the imbibing of an alcoholic beverage, if they found this had occurred. The issues of the driver's negligence and plaintiff's contributory negligence were properly submitted to the jury, and the judgment entered upon their verdict for defendants should therefore be affirmed.