■ ROSWELL MARTIN et al., Respondents, v CITY OF ALBANY et al., Appellants.—Cross appeals from a judgment of the Supreme Court, Albany County, entered April 24, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of the plaintiff, Elizabeth Ann Martin. This action for unlawful arrest, assault and malicious prosecution arises from an arrest and subsequent trial of the plaintiffs for allegedly violating section 195.05 of the Penal Law. The plaintiffs, husband and wife, were arrested for obstructing governmental administration by defendant Deso on January 10, 1973. This arrest came about when the plaintiffs arrived at the scene of an arrest of one of their neighbors on a charge of driving while intoxicated. Defendant Deso arrived on the scene after the plaintiffs and after their neighbor had been placed under arrest. Deso arrested the plaintiffs at the scene on the above-mentioned charge, and the plaintiffs were arraigned the following day. After a jury trial on March 8 and 9, 1973, the plaintiffs were found innocent. On March 21, 1973 the plaintiffs filed a notice of intent to file a claim against the defendant city. The ensuing jury verdict awarded plaintiff Elizabeth $15,000 compensatory damages for unlawful arrest, $1,000 compensatory damages for malicious prosecution, and $4,000 punitive damages

for malicious prosecution. The jury, however, found no cause of action on her assault claim and on the false arrest and malicious prosecution claims of plaintiff Roswell. The defendants appeal from so much of the verdict as awarded Elizabeth damages and the plaintiffs appeal from so much of the verdict as no caused Roswell. The elements of a cause of action in malicious prosecution were recently stated by the Court of Appeals as follows: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice (Prosser, Torts [4th ed], § 119)." *(Broughton v State of New York,* 37 NY2d 451, 457.) The first two elements have been proven and the defendants challenge only probable cause and malice. As stated in *Broughton v State of New York (supra),* there can be no recovery for malicious prosecution without evidence of actual malice, and the existence of malice is a fact to be established by the one asserting it *(Casler v State of New York,* 33 AD2d 305, 309). On the instant record, even *assuming arguendo* a lack of probable cause and thus an inference of malice, the finding of malicious prosecution is against the weight of the evidence. There is absolutely no showing of malice on the part of officer Deso. Accordingly, the claim of malicious prosecution of Elizabeth Martin must be dismissed, and we need, therefore, not reach the question of the propriety of the damages awarded with respect to such claim. With respect to the damages awarded for the claim of unlawful arrest, such damages are clearly and unquestionably limited to the period prior to arraignment, which in this case occurred the day following arrest (e.g. *Broughton v State of New York (supra).* The award of $15,000 as compensatory damages for what ensued during such short a period is clearly excessive on the instant record, and any question of defendants' failure to preserve this issue must give way to the interests of justice (4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.09). In this case the damages should be no more than $5,000. We find no merit in plaintiffs' cross appeal. Judgment modified, on the law and the facts, by reversing so much thereof as awarded Elizabeth Martin damages on her cause of action for malicious prosecution and said cause of action dismissed; by reversing so much thereof as awarded Elizabeth Martin damages on her cause of action for unlawful arrest and a new trial limited to the issue of damages ordered on said cause of action unless within 20 days after service of a copy of the order to be entered herein, plaintiff shall stipulate to reduce the verdict on the cause of action for false arrest to $5,000, in which event the judgment on said cause of action, as reduced, is affirmed; and judgment in all other respects affirmed, without costs. Larkin, Kane and Reynolds, JJ., concur; Sweeney and Main, JJ., concur in part and dissent in part in the following memorandum by Main, J. Main, J. (concurring in part and dissenting in part). While we concur in the majority's opinion as to the judgment in favor of Elizabeth Ann Martin in her cause of action for unlawful arrest, we dissent as to its reversal of the judgment in favor of Elizabeth Ann Martin in her cause of action for malicious prosecution. The majority, while almost conceding a lack of probable cause, finds that there is absolutely no showing of malice on the part of Officer Deso. It is true that, once the defendant has been arraigned, the presumption arises that the arrest was made with probable cause, but that presumption is rebuttable where the plaintiff establishes fraud, perjury or the *misrepresentation* or falsification of the evidence *(Broughton v State of New York,* 37 NY2d 451, 456). It is pertinent at this point to note that intent is a necessary element under section 195.05 of the Penal Law and that in Deso's sworn information he stated that the

defendants, Mr. and Mrs. Martin, intentionally interfered with a lawful arrest. However, and most importantly, at trial he testified that the arrest had occurred prior to his arrival and that he had no idea whatever that the Martins intended to interfere with the arrest. This serious discrepancy clearly provided a sound basis for the jury's concluding that Officer Deso had misrepresented the evidence and for its further conclusion that the presumption of probable cause had been sufficiently rebutted and overcome. Once the jury determined that no probable cause existed, they were then permitted to infer malice *(Casler v State of New York,* 33 AD2d 305, 309; Prosser, Torts [4th ed], § 119). Sufficient legal evidence was presented from which the jury could properly find that there was no probable cause for Mrs. Martin's arrest and that there was malice on the part of Officer Deso. There was no objection made nor exception taken to the court's instructions on the question of damages, and the jury's verdict should be permitted to stand. The judgment for the plaintiff, Elizabeth Ann Martin, in her cause of action for malicious prosecution, should, in all respects, be affirmed.