■ DAVID PETRYSZYN, Appellant, v CHERYL DI FULVIO, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Fischer, J.), entered May 23, 1991 in Broome County, upon a verdict rendered in favor of plaintiff.

Plaintiff brought this action to recover for personal injuries he suffered while riding as a passenger when an automobile driven by defendant left the Massachusetts Turnpike and struck a tree. Following trial, a jury awarded plaintiff $20,000 in damages, reduced by $10,000 as the result of plaintiff's failure to wear an available seat belt and further reduced by 10% as the result of plaintiff's negligence in falling asleep. On appeal, plaintiff asserts that the verdict was inadequate and that Supreme Court erred in submitting the question of plaintiff's contributory negligence to the jury. We agree with both contentions and modify Supreme Court's judgment accordingly.

The trial evidence established that plaintiff sustained (1) a fractured left radius, requiring surgical placement of a stainless steel plate affixed with screws to the bone, (2) a torn glenoid labrum and rotator cuff in plaintiff's right shoulder, requiring extensive physical therapy and arthroscopic surgery under general anesthesia, (3) 10 chipped, cracked, broken or fractured teeth which had, as of the date of trial, required three root canals, four crowns and two gold casings, (4) a "big ball" shaped lump on plaintiff's hip, and (5) a facial laceration requiring sutures. Although the medical evidence indicated that plaintiff will probably experience no substantial permanent limitation as the result of his injuries, there can be no question that he has experienced considerable pain, suffering and disfigurement. Further, there is a distinct possibility that additional surgery will be required in connection with the injuries to plaintiff's forearm, shoulder or teeth. Under the circumstances, and notwithstanding any question of plaintiff's failure to preserve this issue, it is our view that we are required, in the interest of justice (see, Martin v City of Albany, 51 AD2d 596, 597, revd on other grounds 42 NY2d 13; 1 Newman, New York Appellate Practice § 2.06), to increase the total damage award to $100,000 (see, CPLR 5501 [c]; Walsh v Morris, 126 AD2d 911, 912, lv dismissed 70 NY2d 693). The award shall be reduced by 50%, however, to reflect the jury's determination of the extent of plaintiff's damages caused by his failure to wear an available seat belt.

We now turn to the question of plaintiff's contributory negligence. Although a jury will be permitted to consider a passenger's contributory negligence in a case where the evi-

dence permits an inference that the accident resulted from an obviously tired driver falling asleep at the wheel *(see, Nelson v Nygren,* 259 NY 71; *Purchase v Jeffrey,* 33 AD2d 620; *cf., Pellaton v Franzese,* 45 AD2d 761), the evidence permitted no such inference here. To the contrary, defendant's uncontradicted testimony was that the accident occurred when her car "fishtailed" and slid off a road which had been made slippery by rain, snow and ice, and she does not contend otherwise on appeal. In the absence of competent evidence that plaintiff's failure to exercise reasonable care for his own safety was a substantial factor in bringing about his injury *(see,* 1 PJI 2:70, 2:87 [2d ed]), Supreme Court erred in submitting the issue to the jury.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) reversing so much thereof as attributed 10% contributory negligence to plaintiff, and (2) ordering a new trial on the issue of damages only unless, within 20 days after service of a copy of the order herein, both parties shall stipulate to increase the award for plaintiff's pain and suffering to $100,000, reduced to $50,000 to reflect the jury's determination of the extent of plaintiff's damages caused by his failure to wear an available seat belt, in which event the judgment, as so modified, is affirmed.