■ GEORGE GANTT et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [651 NYS2d 541] —In a consolidated action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendants County of Nassau and "John" Browne and the defendants Village of Malverne, the Malverne Police Department, and John Aresta separately appeal from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated September 18, 1995, as, in effect, denied those branches of their respective motions which were for summary judgment dismissing (1) the plaintiffs' causes of action to recover damages for (a) false arrest and imprisonment, malicious prosecution, and defamation insofar as asserted against all the defendants, (b) negligence and violation of 42 USC § 1983 as asserted against the individual defendants, and (c) negligent hiring and supervision as asserted against the County of Nassau, Village of Malverne, and the Malverne Police Department, and (2) so much of the cause of action to recover damages for assault as alleges an unlawful touching.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof which denied those branches of the motion of the defendants County of Nassau and "John" Browne which were for summary judgment dismissing the plaintiffs' causes of action to recover damages for false arrest and imprisonment, malicious prosecution, and defamation insofar as asserted against them, negligence and violation of 42 USC § 1983 insofar as asserted against Browne, negligent hiring and supervision insofar as asserted against the County of Nassau, and so much of the cause of action to recover damages for assault as alleges an unlawful touching insofar as asserted against them, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provisions thereof which denied those branches of the motion of the defendants Village of Malverne, the Malverne Police Department, and John Aresta which were for summary judgment dismissing the plaintiffs' causes of action to recover damages

for malicious prosecution and defamation insofar as asserted against them, negligence insofar as asserted against Aresta, and negligent hiring and supervision insofar as asserted against the Village of Malverne and the Malverne Police Department, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants appearing separately and filing separate briefs.

The Supreme Court properly declined to dismiss the plaintiffs' cause of action to recover damages for false arrest as asserted against the defendants Village of Malverne, Malverne Police Department (hereinafter the Malverne defendants) and Police Officer John Aresta. Contrary to these defendants' contention, we cannot conclude as a matter of law that the plaintiffs' arrest was privileged. The basis for Aresta's stop of the plaintiffs' vehicle is in dispute. If the information which led to the plaintiffs' arrest was the product of an unlawful stop, then Aresta's conduct was not privileged or justified *(see, Ostrover v City of New York,* 192 AD2d 115; *Tetreault v State of New York,* 108 AD2d 1072; *Casler v State of New York,* 33 AD2d 305; *see also, Broughton v State of New York,* 37 NY2d 451, 459, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929).* Consequently, the court also properly declined to dismiss the plaintiffs' assault cause of action insofar as it alleges an unlawful touching against Aresta and the Malverne defendants and the cause of action based on a violation of 42 USC § 1983 insofar as asserted against Aresta.

We find, however, that there is no legitimate issue of fact as to whether Nassau County Detective "John" Browne was with Aresta when he stopped the vehicle and arrested the plaintiffs. At a hearing held pursuant to General Municipal Law § 50-h, the plaintiff George Gantt specifically testified that Aresta was alone and that there was no one else in his police car. In opposition to the defendants' motions, Gantt submitted an affidavit in which he stated that both Aresta and Browne stopped the vehicle. Gantt cannot create an issue of fact by making statements in an affidavit which completely contradict his prior sworn testimony without offering any explanation for the contradiction. Therefore, the court erred in failing to dismiss the causes of action to recover damages for false arrest and assault against Browne and the County of Nassau and the cause of action based on violation of 42 USC § 1983 insofar as asserted against Browne.

Further, the court should have dismissed the plaintiffs' cause

of action to recover damages for malicious prosecution as asserted against all the defendants inasmuch as there is no evidence of actual malice or evidence from which malice can be inferred *(see, Williams v Pinks, Feldman & Brooks,* 141 AD2d 723, 724; *Casler v State of New York, supra,* 33 AD2d, at 309).

Finally, the plaintiffs submitted no evidence to support their remaining causes of action to recover damages for negligent hiring and supervision, negligence and defamation. Consequently, those causes of action should have been dismissed as well. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.