*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 29, 2016                    523121
_____

WILLIAM A. BARONE,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

TOWN OF NEW SCOTLAND,
                    Appellant.
_____


Calendar Date:    November 18, 2016

Before:    Peters, P.J., McCarthy, Lynch and Devine, JJ.

                    _____


        Murphy Burns Barber & Murphy, LLP, Albany (Stephen M.
Groudine of counsel), for appellant.

        Robert A. Becher, Albany, for respondent.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Hartman, J.),
entered March 30, 2016 in Albany County, which denied defendant's
motion for summary judgment dismissing the complaint.

        Plaintiff commenced this action to recover for injuries he
sustained while attempting to assist in the delivery of wood
chips to his home.  In July 2013, defendant's employees, George
Klopfer and Jim Bess, stopped by plaintiff's residence with a
load of wood chips.  This was an informal amenity for residents
of defendant and Klopfer had made previous deliveries to
plaintiff's property.  After Klopfer backed the dump truck into
position, Bess exited the vehicle to look at horses on the
property.  Klopfer explained that, to unload the chips, he pulls
a lever inside the truck, which releases a mechanism allowing the
bottom of the tailgate to open.  The box is then raised

hydraulically, releasing the chips. According to plaintiff, as Klopfer began the discharge process, the chips became clogged in the truck bed. As he had observed defendant's employees do in the past, plaintiff slammed the tailgate two times in an attempt to dislodge the chips. On the second attempt, he caught his thumb between the tailgate and truck body causing a crush injury to his right thumb and wrist.

Plaintiff served a notice of claim on October 3, 2013 and was examined pursuant to General Municipal Law § 50-h. Thereafter, plaintiff commenced this action, asserting that defendant's employees were negligent in permitting him to assist without supervision in the discharge process. Following discovery, Supreme Court denied defendant's motion for summary judgment, finding, contrary to defendant's contentions, that the notice of claim was sufficient and that triable issues of fact existed as to both duty and proximate cause. Defendant appeals.

The threshold issue pertains to the sufficiency of the notice of claim, which defendant maintains failed to provide notice of plaintiff's negligent supervision claim. The notice of claim is arguably ambiguous in that it speaks to the injury having been caused by a defect in the tailgate. Plaintiff has acknowledged that there was no defect in the tailgate that contributed to his injury. That said, the notice specifies the date and time of the accident, as well as the nature of plaintiff's injuries, and speaks to defendant's duty to supervise the operation of the dump truck and the "entrapping condition" of the tailgate. In our view, the notice of claim, coupled with plaintiff's testimony at the General Municipal Law § 50-h hearing, adequately apprised defendant as to the theory of liability and was thus sufficient to enable defendant to investigate the claim (see General Municipal Law § 50-e [6]; Brown v City of New York, 95 NY2d 389, 393 [2000]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]). This is particularly so given defendant's failure to show any prejudice.

As to the merits, we conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Supreme Court determined that there was a question of fact as to whether Klopfer was aware of plaintiff's actions in

slamming the tailgate and had a duty to intervene. In his testimony, plaintiff explained that, once the chips clogged, he called out to Klopfer to ask whether Klopfer wanted him to grab the tailgate. Plaintiff concedes that he did not receive a response, and that he alone determined to slam the tailgate in an effort to loosen the clog, to no avail. Plaintiff testified that, at this point, he called out to Klopfer asking whether he should try again. Without hearing any response, and within 10 or 15 seconds, plaintiff once again grabbed the tailgate and slammed it harder than the first attempt, sustaining the injury to his hand. When asked whether Klopfer heard him call out, plaintiff variably testified in his deposition, "I am not going to say he did" and that "I assumed he did . . . I can't say that he did because he didn't acknowledge and I just yelled it out with the window open." By comparison, in his opposition affidavit, plaintiff averred, "I am certain that he heard me." For his part, Klopfer testified that he remained in the truck looking straight ahead during the unloading process and neither heard plaintiff call out nor observed him slam the tailgate. Klopfer further explained that he had never requested that a resident participate in the unloading process, nor had any resident ever done so.

The dispute centers on whether defendant owed a duty of care to plaintiff and, if so, whether defendant's breach of duty was a proximate cause of plaintiff's injuries. From a general perspective, we recognize that Klopfer had a duty to exercise reasonable care in the operation of a municipal dump truck. Moreover, Klopfer was certainly aware of plaintiff's presence during the unloading process. That said, the Court of Appeals has emphasized a "reluctance to extend liability to a defendant for failure to control the conduct of others" (Matter of New York City Asbestos Litig., 5 NY3d 486, 493 [2005]; see Hamilton v Beretta U.S.A Corp., 96 NY2d 222, 233 [2001]). By his testimony, plaintiff confirmed that he acted of his own accord, slamming the tailgate twice within only a few seconds, providing little if any opportunity for Klopfer to respond – even if he heard plaintiff call out (see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 998-999 [2016]). There was no defect in the tailgate and the risk of injuring one's hand when slamming a tailgate is obvious as a matter of common sense. No resident, including plaintiff,

had ever previously attempted to intervene in the discharge process and, while Bess had stepped away, plaintiff knew he was on site and could have sought his assistance. Under these circumstances, we conclude that plaintiff's intervening action in slamming the tailgate was the sole proximate cause of his injuries (see Olsen v Town of Richfield, 81 NY2d 1024, 1026 [1993]; Nalepa v South Hill Bus. Campus, LLC, 123 AD3d 1190, 1191 [2014], lv denied 25 NY3d 909 [2015]; Dickinson v Dowbrands, Inc., 261 AD2d 703, 703 [1999], lv denied 93 NY2d 815 [1999]). It follows that defendant's motion for summary judgment dismissing the complaint should have been granted.

Peters, P.J., McCarthy and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, motion granted and complaint dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court