Fontaine v City of Amsterdam (2019 NY Slip Op 03723)





Fontaine v City of Amsterdam


2019 NY Slip Op 03723


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527418

[*1]LISA FONTAINE, Respondent,
v
CITY OF AMSTERDAM, Appellant.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Johnson & Laws, LLC, Clifton Park (April J. Laws of counsel), for appellant.
Englert & Coffey, LLP, Schenectady (J. David Burke of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered December 11, 2017 in Montgomery County, which denied defendant's motion for, among other things, summary judgment dismissing the complaint.
On August 25, 2015, after appearing in Amsterdam City Court on a charge of harassment in the second degree, plaintiff reported — at the court's direction — to the Amsterdam Police Department for processing. Plaintiff was subsequently brought by police to a holding area, where her right wrist was handcuffed to a ring attached to the wall. Plaintiff was released from police custody roughly one hour later. After serving defendant with a notice of claim in October 2015, plaintiff commenced this action asserting causes of action for false arrest, false imprisonment, battery, excessive use of force and "intentional neglect of medical needs." Plaintiff alleged, among other things, that she had recently undergone surgery on her right wrist to address her carpal tunnel syndrome and that the manner in which she was handcuffed caused further injury to that wrist. Following joinder of issue and discovery, defendant moved, pursuant to CPLR 3211 and 3212, for dismissal of the complaint. Supreme Court denied defendant's motion, prompting this appeal.
Defendant argues that plaintiff's claims for false imprisonment, false arrest, battery and intentional neglect of medical needs should have been dismissed because they were not specifically identified in plaintiff's notice of claim. Pursuant to General Municipal Law § 50-e (2), a notice of claim must set forth the name and address of the claimant and his or her attorney, "the nature of the claim," "the time when, the place where and the manner in which the claim arose" and "the items of damage or injuries claimed to have been sustained." "The test of the notice's sufficiency is whether it includes information sufficient to enable the [municipality] to investigate the claim" (O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]; see Rosenbaum v City of New York, 8 NY3d 1, 10 [2006]). Further, "in determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a [n]otice of [c]laim: whether[,] based on the claimant's description[,] municipal authorities can [*2]locate the place, fix the time and understand the nature of the [incident]" (Brown v City of New York, 95 NY2d 389, 393 [2000]; see Rosenbaum v City of New York, 8 NY3d at 10-11).
Here, although plaintiff's notice of claim did not specifically list claims for false imprisonment, false arrest, battery or "intentional neglect of medical needs," it clearly identified possible culpable conduct by defendant on a specific date and at a specific location. In particular, plaintiff alleged, among other things, that on August 25, 2015, while at the Amsterdam "Police Headquarters," she sustained personal injuries, pain and suffering and emotional distress as a result of an incident during which she "was forcibly restrained by excessive force." In addition, plaintiff alleged that defendant's negligence arose out of the inadequate supervision and training of its employees, as well as its employees' use of "excessive and unwarranted force." Such allegations, coupled with plaintiff's testimony at the General Municipal Law § 50-h hearing (see Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 883 [2013]; Gagnon v City of Saratoga Springs, 14 AD3d 845, 847 [2005]), provided sufficient information to alert defendant that plaintiff had potential causes of action for false arrest, false imprisonment, battery and intentional neglect of medical needs and, thereby, afforded defendant an ample opportunity to investigate the incident giving rise to plaintiff's claims (see Hone v City of Oneonta, 157 AD3d 1030, 1032-1033 [2018]; Barone v Town of New Scotland, 145 AD3d 1416, 1417-1418 [2016]; Baker v Town of Niskayuna, 69 AD3d 1016, 1017-1018 [2010]). Accordingly, Supreme Court properly concluded that dismissal of plaintiff's claims for false arrest, false imprisonment, battery and "intentional neglect of medical needs" was not warranted under General Municipal Law § 50-e.
Defendant further argues that it was entitled to summary judgment dismissing the complaint. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; accord Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]). If the proponent of the motion satisfies its prima facie burden, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]).
We agree with Supreme Court that defendant failed to establish its prima facie entitlement to summary judgment dismissing the complaint. Initially, with respect to plaintiff's claims for false arrest and false imprisonment, triable issues of fact exist as to the circumstances leading up to plaintiff's arrest and, thus, whether the police were privileged in arresting and restraining plaintiff (see Burgio v Ince, 79 AD3d 1733, 1734-1735 [2010]; Gantt v County of Nassau, 234 AD2d 338, 339 [1996]). In addition, inasmuch as a claim for battery may be premised upon contact that occurred during an unlawful arrest and/or imprisonment, the issues of fact surrounding plaintiff's false arrest and false imprisonment claims also preclude summary judgment dismissing her causes of action for battery (see Smolian v Port Auth. of N.Y. & N.J., 128 AD3d 796, 800 [2015]; Gantt v County of Nassau, 234 AD2d at 339). Finally, contrary to defendant's assertion, the video footage of the holding area in which plaintiff was restrained does not refute, as a matter of law, plaintiff's claim for intentional neglect of medical needs (see generally Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 282 [2010]) or her claim of excessive use of force (see generally Harvey v Brandt, 254 AD2d 718, 718 [1998]). In addition to other factual issues raised by defendant's submissions, the audio/video footage does not reveal the location of the handcuff on plaintiff's wrist, the degree to which the handcuff was tightened or any discussions that may have taken place prior to plaintiff's presence in the holding area. Moreover, the audio/video footage, which is hard to hear at times, reflects that plaintiff referenced her carpal tunnel surgery on at least one occasion. Accordingly, as defendant failed to demonstrate its prima facie entitlement to summary judgment dismissing any of plaintiff's claims, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.
To the extent that we have not specifically addressed any of defendant's remaining contentions, they have been reviewed and found to be without merit.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.