(42 App. Div. 502.)

## SWEET v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. July, 1899.)

MALICIOUS PROSECUTION—PROBABLE CAUSE—ISSUE FOR JURY.

    In an action for malicious prosecution, where the evidence shows that the defendant caused plaintiff's arrest on hearsay evidence, and that the prosecution was dismissed, and that defendant could easily have learned the truth of the statements on which he acted, it is error to direct a verdict for defendant on the ground that he has shown probable cause, as such issue should have been submitted to the jury.

Appeal from trial term, Cayuga county.

Action by Charles P. Sweet against Dexter A. Smith. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

F. D. Wright, for appellant.
Frederic E. Storke, for respondent.

McLENNAN, J. The action was commenced on the 1st day of February, 1894, to recover damages which the plaintiff claims to have sustained by reason of his malicious and wrongful prosecution, arrest, and imprisonment by the defendant. The important question upon this appeal is whether, upon the whole evidence, it can be said, as a matter of law, that the defendant had probable cause for causing the arrest of the plaintiff.

On the 6th day of September, 1893, and for some time prior thereto, the plaintiff resided in the city of Auburn, N. Y., with his family, and occupied a part of premises known as No. 56 Clark street, in

said city, as the tenant of one Pauline Chase, the mother-in-law of the defendant; the defendant having, on April 17, 1893, as the agent of said Pauline Chase, leased the premises to the plaintiff for the term of one year from May 1, 1893. The building was two stories. Mrs. Chase lived in the lower east half, and the plaintiff occupied the east half of the upper or second floor. The building was on the south side of Clark street, which extends east and west in the city of Auburn. The business of the plaintiff was that of finisher of photographs, by enlarging and painting them. The evidence of the plaintiff is to the effect that Mrs. Chase, the owner of the house occupied by the plaintiff, desired the plaintiff to enlarge a photograph for her; that the plaintiff stated to her that he could not do the work, because of the fact that the branches of a tree upon the street opposite the apartments occupied by him obstructed his light; that, as a result of several conversations upon that subject, Mrs. Chase directed or gave permission to the plaintiff to remove certain limbs from such tree; that on the 19th day of August, 1893, the plaintiff removed such limbs while Mrs. Chase was at home and in the house, and with her permission and pursuant to her directions. The tree, although upon the street, was the property of Mrs. Chase. The wife of the plaintiff also testifies that in her presence Mrs. Chase told the plaintiff to take the limbs off the tree. She testifies that this was said in substance by Mrs. Chase to the plaintiff upon several occasions. About 5 o'clock p. m. of September 6, 1893, the defendant caused the plaintiff's arrest on a warrant issued by the recorder of the city of Auburn, charging him with having violated section 13 of the ordinances of the city, which is as follows:

"Sec. 13. No person shall willfully injure, mark, damage or molest any building, bridge, culvert or other structure, whether public or private, or any of the fences, fixtures or appurtenances thereof, nor any wall, fence, railing, tree, tree box, vine, shrub or plant, or any other public or private property. Any person who shall violate any of the provisions of this ordinance shall, upon conviction thereof, be fined not less than two nor more than one hundred dollars, or be imprisoned not exceeding three months in the common jail of the county of Cayuga."

After such arrest the plaintiff was immediately taken into custody, and locked up in a cell in the station house. He was detained there for some hours, when he sent word to his wife, who went to the house of the defendant, and induced the defendant to bail the plaintiff, upon condition that the plaintiff would appear at the police office on the following morning. A partial examination was held from time to time before the police justice, and the defendant, claiming to be unable to procure the necessary witnesses to establish the offense charged against the plaintiff, abandoned the prosecution, the plaintiff was discharged, and the prosecution was terminated favorably to the plaintiff before the commencement of this action. The evidence on the part of the plaintiff is to the effect that the tree was properly trimmed by him, and not in such manner as to constitute a violation of the ordinance. The evidence given on the part of the defendant is to the effect that the limbs of the tree were taken off in such manner as to disfigure the tree, and so as to constitute an offense under the section of the ordinance above referred to.

The evidence on the part of the defendant is also to the effect that before he caused the arrest of the plaintiff he had several conversations with his mother-in-law, Mrs. Chase, in which she stated to him that she had not authorized the plaintiff to cut the limbs of the tree in question, and that it was done without her knowledge and consent; that he examined the tree, and discovered that it had been mutilated; and that, relying upon such observation made by him, and upon the statements of his mother-in-law, he caused the arrest of the plaintiff. The plaintiff did not produce evidence to contradict the statement of the defendant that Mrs. Chase had informed him that the plaintiff had cut the tree without her consent, and it is urged that, such evidence being uncontradicted, as a matter of law it established probable cause for the action of the defendant in procuring the arrest of the plaintiff. Between the time the tree was cut and the arrest, a period of 25 days, the plaintiff lived with his family in the same house with Mrs. Chase, attending to his ordinary business, and accessible to the defendant, but, without any attempt to learn the facts from him, the defendant, claiming to have relied upon the statements of his mother-in-law, and of others of whom he took advice, procured the plaintiff's arrest; and it is now urged that such statements and advise establish, as a matter of law, probable cause.

We think, even upon the facts above stated, that it was a question for the jury whether the defendant had probable cause for procuring the plaintiff to be arrested and imprisoned; but, in addition, the evidence of the plaintiff and of his wife is to the effect that immediately after the plaintiff was arrested the defendant stated, in substance, that he cared nothing about the tree, but that he wanted the plaintiff and his family to remove from the house which they had rented from his mother-in-law, and that, in substance, he had procured the plaintiff's arrest to accomplish that end, and that, if the plaintiff would remove from the premises, he (the defendant) would drop the proceedings against him. The defendant also stated that the women (meaning his mother-in-law) were hounding him to get possession of the house, and he urged the plaintiff to move out. It will be observed that the only fact known to the defendant personally was the fact that the tree had been trimmed in an improper manner, according to his testimony; in a proper manner, according to the testimony of the plaintiff. The defendant states, in addition, that the owner of the tree informed him that it had been trimmed by the plaintiff, and that it was trimmed by the plaintiff without her consent. He sought no explanation from the plaintiff; did not seek to ascertain his reasons or motive for trimming the tree, although, as before said, the plaintiff for nearly a month was where he could have been seen and interviewed by the defendant. We think that the defendant was bound to obtain such facts and information as he could obtain by reasonable diligence, which would enable him to determine whether or not the plaintiff was probably guilty of the offense charged. The fact that the defendant acted upon hearsay evidence in causing the plaintiff's arrest, if such evidence could easily be tested and the truth ascertained, is one ele-

ment, though not a conclusive one, in determining the question of probable cause. Under the circumstances disclosed by the evidence in this case, considering the relations the parties sustained to each other, the nature of the offense charged, and the ease with which the truth of Mrs. Chase's statements might be ascertained, the question of probable cause should have been submitted to the jury. It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.