█ JAMES M. TETREAULT, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 65449.) — Main, J. Appeal from a judgment in favor of claimant, entered March 7, 1984, upon a decision of the Court of Claims (Murray, J.).

The Court of Claims awarded claimant $4,500 for false arrest and the State appeals. The arrest giving rise to this claim occurred at about 1:00 A.M. on October 10, 1980 in the Town of Champlain, Clinton County, and was effected by State troopers who found what was believed to be a controlled substance in claimant's car. After the drug was determined to be other than a controlled substance, the criminal charges against claimant were dismissed and this claim was made.

There is no dispute that of the four elements of false imprisonment, (1) the troopers intended to confine claimant, (2) claimant was conscious of the confinement, and (3) claimant did not consent to the confinement (*Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). As to the fourth element, whether the confinement was

otherwise privileged (*supra*), the State claims that the facts prove that the troopers were justified in arresting claimant and that, therefore, claimant should not have prevailed on his claim. The arrest in this case was warrantless and it was thus necessary for the State to plead and prove legal justification, which can be established by showing probable cause[1] (*supra,* at 458). Although claimant's arrest was based on observations made by the troopers of drug capsules in plain view in claimant's car, there is sufficient evidence to support the conclusion that the troopers did not lawfully stop claimant for inquiry and, thus, did not lawfully observe the drug capsules. Accordingly, the judgment must be affirmed.

The police have the right to stop a citizen and inquire of him if there are reasonable grounds to believe that criminal activity is afoot (*see, e.g., People v Landy,* 59 NY2d 369, 376). The State justifies the initial stop and inquiry of claimant upon the facts that as the troopers drove by claimant's car, which was parked in the parking lot of a hotel and bar, one trooper heard a woman tell claimant to "watch out, here they come", and that the woman then ran from the car to the hotel.[2] It was within the power of the Court of Claims, however, to reject this evidence and credit claimant's testimony, which indicated that the woman left his car without making any remarks. The trial transcript further reveals that the car was parked under a bright light and that the parking lot was at least half full. There is nothing to indicate that claimant was identified as a known or suspected criminal or that this area was a high crime district. These circumstances are significantly different than those in such cases as *People v Landy (supra), People v Carasquillo* (54 NY2d 248, 253), *People v Howard* (50 NY2d 583, 589, *cert denied* 449 US 1023) and *People v De Bour* (40 NY2d 210, 220), in which initial inquiries were founded on reasonable suspicions and were, thus, proper (*cf. People v Johnson,* 64 NY2d 617). On the

---

1. The affirmative defenses alleged by the State, that the arrest was made in good faith and without malice, are not substitutes for probable cause (*Broughton v State of New York, supra,* pp 458-459) and the absence of allegations of legal justification as an affirmative defense would normally prevent a defendant from introducing evidence of such under a general denial (*supra,* at 458). Despite such pleading by the State, we consider the claim of legal justification because no objection was made and the parties have addressed this issue on its merits.

2. These facts are presented in the transcript of the preliminary hearing, which was not introduced into evidence during claimant's trial. Indeed, the State rested without introducing any evidence. We nonetheless consider the transcript of the preliminary hearing because no objection was made to it and the parties and the Court of Claims have apparently proceeded under the assumption that the transcript was part of the record.

facts as credited by the Court of Claims, the troopers did not have reasonable suspicion to stop and inquire of claimant and, therefore, their observation of the drug capsules was unlawful (*see, e.g., Coolidge v New Hampshire,* 403 US 443, 466; *People v Jackson,* 41 NY2d 146, 149-150). Accordingly, claimant's arrest was without justification and the State's defense of legal justification was properly rejected.

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.