[600 NYS2d 243]

Lorene Ostrover, Appellant, v City of New York, Respondent.

First Department, July 15, 1993

## APPEARANCES OF COUNSEL

*Gary E. Divis* of counsel, New York City *(David H. Gendelman,* attorney), for appellant.

*Fay Ng* of counsel, New York City *(Pamela Seider Dolgow* with her on the brief; *O. Peter Sherwood, Corporation Counsel* of New York City, attorney), for respondent.

## OPINION OF THE COURT

CARRO, J.

At 4:30 in the morning on December 2, 1989 the plaintiff, a 21-year-old woman, was a passenger in an automobile driven by the manager of a Manhattan night club at which she had spent the evening, who had offered her a ride home. While proceeding lawfully along 42nd Street, the car was pulled over by two plain-clothes police officers, one of whom testified at examination before trial that he and his partner stopped the car because the rear license plate was hanging. According to his testimony, the driver jumped out of the car as the officers approached, and walked to the rear of the car, toward one officer, while the other officer ordered the plaintiff out of the car. While the driver and plaintiff were detained at the rear of the car, one officer reached into the interior to remove a black bag, partially hidden under the driver's seat, from which he retrieved a .22 calibre revolver. Under the statutory presumption of possession (Penal Law § 265.15 [3] [c]), both plaintiff and the driver were arrested, despite plaintiff's protestations that she didn't know anything about the weapon, and the driver's confirmation of plaintiff's innocence.

The plaintiff, after being detained in various facilities, was arraigned and released on her own recognizance two days later. At her next court appearance, on December 7, 1989, the People moved to dismiss the complaint against the driver and the plaintiff on the authority of *People v Torres* (74 NY2d 224), conceding they would not be able to establish the legality of the search at a *Mapp* hearing. The motion to dismiss was granted.

Subsequently, plaintiff brought the within action against the City of New York claiming false imprisonment, malicious prosecution and negligent hiring. After defendant served its answer and some discovery took place, plaintiff moved for partial summary judgment on the issue of the City's liability for false imprisonment and malicious prosecution, which the court denied.* A ruling on plaintiff's contention that the unconstitutionally seized handgun was inadmissible at trial, which was vigorously contested upon the summary judgment motion, was reserved for determination by the trial court.

For purposes of this appeal, both parties have accepted the recitation of facts as testified to by the defendant's witness and summarized, as pertinent, above. As limited by plaintiff-appellant's notice of appeal and brief, the questions presented to us on this appeal are (1) whether the IAS Court erred in denying plaintiff's motion for partial summary judgment on the issue of liability with respect to the cause of action for false imprisonment, and (2) whether the IAS Court was correct in reserving for decision by the trial court the applicability of the exclusionary rule at trial.

■ We conclude that the IAS Court erred in denying the plaintiff's motion for partial summary judgment on the issue of liability for false imprisonment, as there was no triable issue of fact remaining for the jury to decide. In an action for false imprisonment, four elements must be established: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged *(Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; 59 NY Jur 2d, False Imprisonment, § 11). The factual satisfaction of the first three elements is not contested by the defendant.

---

* Plaintiff has not appealed from the court's denial of partial summary judgment on the malicious prosecution cause of action.

As a matter of law, we find that the fourth element is satisfied as well.

To defeat plaintiff's motion for partial summary judgment on liability for false imprisonment, the defendant's burden was to demonstrate that a factual question existed with respect to whether the arrest was based upon probable cause. The defendant concedes for purposes of this appeal that the search and seizure, the fruit of which was the sole predicate for plaintiff's arrest, was unlawful, but nevertheless argues that probable cause for that arrest may still be found at trial. We disagree. The fruit of an illegal search cannot give rise, in a juristic sense, to probable cause to arrest, and the conceded illegality of the search and seizure is thus conclusive against the defendant on the issue of privilege (see, *Tetreault v State of New York,* 108 AD2d 1072; *Casler v State of New York,* 33 AD2d 305). Were this not so, the police could subject a person to an egregiously unconstitutional search, and then use the fruits of that search to establish, in a civil suit for false imprisonment, that the arrest was privileged because it was based upon probable cause. The absurdity of such a principle is so patent as to require no further discussion. Accordingly, plaintiff's motion for partial summary judgment with respect to liability for false imprisonment should have been granted.

The question of the applicability of the exclusionary rule to civil actions which are not quasi-criminal, or in which penalties or forfeitures are not sought (see, *Terpstra v Niagara Fire Ins. Co.,* 26 NY2d 70, 74-75; *Herndon v City of Ithaca,* 43 AD2d 634; *Tetreault v State of New York, supra),* which the motion court reserved for the trial court, is interesting, but unripe for adjudication on this appeal. The IAS Court found it unnecessary to reach the general question of the applicability of the exclusionary rule in order to determine the plaintiff's motion. We agree. As explained above, the fact that the police recovered a firearm from the automobile in which plaintiff was riding is irrelevant to the only issue raised on this appeal, which is whether there was presented on the motion for partial summary judgment a factual question regarding any of the four elements of plaintiff's unlawful imprisonment cause of action.

Any blanket ruling at this time as to the admissibility of the firearm with respect to plaintiff's remaining causes of action, in the absence of a factual or procedural context, would be hypothetical and advisory, and it is well established that "courts are not empowered to render advisory opinions,

or determine abstract, moot, hypothetical, remote or academic questions." (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03.) We nevertheless call to the parties' attention one principle relating to this issue, which seems to us obvious and pertinent —that even if the exclusionary rule is ruled applicable to civil actions of the type here presented, the plaintiff could not testify, with respect to the causes of action remaining for trial, that no weapon was found in the car prior to her arrest, without risking impeachment upon cross-examination or in rebuttal *(see, People v Johnson,* 27 NY2d 119; *Herndon v City of Ithaca,* 43 AD2d, *supra,* at 636-637 [Cooke, J., dissenting]). We note that the majority and the dissent in *Herndon* were in agreement that the illegally seized evidence was properly admitted for impeachment purposes, and disagreed only as to whether the Trial Judge's charge, which did not limit the jury's consideration of the evidence for impeachment pur- poses, warranted reversal in the interests of justice despite defendant's failure to register an exception to the charge.

Accordingly, the order of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered August 12, 1992, is modified, on the law, without costs, to grant plaintiff's motion for partial summary judgment on liability with respect to plaintiff's first cause of action for unlawful imprisonment, and as so modified, affirmed.

SULLIVAN, J. P., KUPFERMAN and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered August 12, 1992, modified, on the law, to grant plaintiff's motion for partial summary judgment on liability with respect to her first cause of action for unlawful imprisonment, and as so modified, affirmed, without costs.