■ ALAN REALE, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [636 NYS2d 18] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered May 17, 1994, which denied petitioner's application pursuant to CPLR article 78 seeking to annul respondent Police Commissioner's determination disapproving petitioner's application to carry a concealed weapon, unanimously affirmed, without costs.

Respondent's determination was rationally based on petitioner's failure to mention in his application the true nature of the business for which he sought a pistol (see, Matter of Tartaglia v Kelly, 215 AD2d 166). Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.

■ BIENVENIDO A. TAVERAS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [635 NYS2d 608] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on or about July 1, 1993, which denied plaintiff's motion for summary judgment on his causes of action for malicious prosecution and false arrest, unanimously affirmed, without costs.

This Court's determination (3 to 2) in a prior criminal case, that the police officers' search of plaintiff herein was unlawful (People v Taveras, 155 AD2d 131, appeal dismissed 76 NY2d 871) does not collaterally estop defendant in this civil action from contesting the issue (cf., Ostrover v City of New York, 192 AD2d 115). Defendants herein are not in privity with the New York County District Attorney's Office which prosecuted the criminal case, such as would warrant application of the doctrine of collateral estoppel (Brown v City of New York, 60 NY2d 897). Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.