Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about June 14, 2011, which, insofar as appealed from as limited by the briefs, granted the motion of defendant City of New York to vacate an order of the same court (Karen S. Smith, J.), entered on or about August 12, 2010, inter alia, directing the City to produce retired Police Officer Angel Pagan for further deposition, and denied plaintiffs cross motion for partial summary judgment on the issue of liability on his claims for false arrest and under 42 USC § 1983, and to strike the City’s answer and to preclude the City from using the deposition testimony of Pagan, unanimously modified, on the law, to the extent of granting, upon a search of the record, summary judgment dismissing the claims as against the City for false arrest, false imprisonment, malicious prosecution, and under 42 USC § 1983, and otherwise affirmed, without costs.
A plaintiff alleging a claim for false arrest or false imprisonment must show that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to it, and that the confinement was not otherwise privileged (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Marrero v City of New York, 33 AD3d 556 [1st Dept 2006]). “The elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice” (Colon v City of New York, 60 NY2d 78, 82 [1983]). The existence of probable cause to arrest is a complete defense to such claims (see Marrero at 557; Brown v City of New York, 289 AD2d 95 [1st Dept 2001]).
The motion court properly denied plaintiffs cross motion for summary judgment. Our search of the record (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]), requires dismissal of the claims against the City for false arrest, false imprisonment, malicious prosecution and under 42 USC § 1983. Although plaintiff was arrested in his home without a warrant, the grand jury’s vote to indict plaintiff prior to the arrest and the subsequent indictment raised a *434 presumption of probable cause, even though the indictment was subsequently dismissed (see Lawson v City of New York, 83 AD3d 609 [1st Dept 2011], lv dismissed 19 NY3d 952 [2012]; Arzeno v Mack, 39 AD3d 341 [1st Dept 2007]).
The record contains further evidence of probable cause: During an extensive investigation, plaintiff was identified as one of more than 20 participants in a heroin trafficking operation based on, among other things, surveillance and wiretapping of a man using an apparent alias, who repeatedly conversed and met with other suspects in connection with selling heroin; a driver’s license recovered from this man stating plaintiffs name and address; and plaintiff’s presence at that address and physical resemblance to the suspect. Although plaintiff maintained that his Fourth Amendment rights were violated by the warrantless arrest in his home absent of exigent circumstances, such an alleged constitutional violation does not negate the existence of probable cause (see People v Jones, 2 NY3d 235, 243 [2004]).
Dismissal of the malicious prosecution claim is further warranted since there is no triable issue as to whether the prosecution was motivated by actual malice (see Nardelli v Stamberg, 44 NY2d 500 [1978]; Arzeno, 39 AD3d at 342).
The court properly denied plaintiff’s motion to strike the answer, since plaintiff failed to attach an affirmation of good faith (see Molyneaux v City of New York, 64 AD3d 406 [1st Dept 2009]; 22 NYCRR 202.7 [a]). In any event, plaintiff failed to make a clear showing that defense counsel’s conduct during a deposition, or failure to produce the deponent for further deposition, constituted willful, contumacious, or bad-faith conduct (see Delgado v City of New York, 47 AD3d 550 [1st Dept 2008]). The court also properly declined to preclude the existing deposition testimony transcript, notwithstanding plaintiff’s representation that he contemplated further questioning (see Farmer v Nostrand Ave. Meat & Poultry, 37 AD3d 653 [2d Dept 2007]; cf. Vera v Beth Israel Med. Ctr., 175 AD2d 716 [1st Dept 1991]). Moreover, the court providently exercised its discretion by declining to order the City to produce the deponent for a further deposition (see CPLR 3116 [d]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Mazzarelli, J.E, Friedman, Catterson, Renwick and Freedman, JJ.